690 A.2d 700

Robert Edgar BROWN, Appellant,

v.

Susan Jane BROWN, Appellee.

Supreme Court of Pennsylvania.

Argued Sept. 17, 1996.

Decided Feb. 20, 1997.

David P. Brandt, Franklin, for Robert E. Brown.

H. John Drayer, Clarion, for Susan J. Brown.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### ORDER

PER CURIAM.

The Court being evenly divided the Order of the Superior Court is affirmed.

FLAHERTY, C.J., files an opinion in support of affirmance in which CAPPY and NEWMAN, JJ., join.

ZAPPALA, J., files an opinion in support of reversal in which CASTILLE and NIGRO, JJ., join.

### OPINION IN SUPPORT OF AFFIRMANCE

FLAHERTY, Chief Justice.

In this equitable distribution pension case, the issue is whether an increase in the husband's monthly pension benefit due solely to a change in the pension formula based on years of service following separation is marital property and therefore subject to the wife's claim that she is entitled to some portion of the increase.

Husband is a Pennsylvania state police officer who participates in a pension administered by the State Employees Retirement System. On the date of separation the husband was guaranteed the right to retire at 50% of his highest salary after twenty years of service and 75% of his highest salary after twenty-five years of service.[1] On the date of separation,

---

1. Superior Court stated that these provisions of husband's pension plan were available to husband throughout the marriage. Husband claims that these benefits were available only six days before the parties

July 6, 1989, the husband had 16.3 years of service and earned $37,383.00 per year. At the time of this appeal, husband was still employed with the Pennsylvania state police and had over twenty-two years of service.

Husband filed a complaint in divorce on August 10, 1989. After hearing, a master recommended that marital property be divided on an equal basis. Exceptions to the master's report were filed as to the master's assessment of the husband's pension plan subject to equitable distribution. The parties stipulated that the wife's share of the husband's pension would be paid by deferred distribution and the trial court, after several hearings and a remand from Superior Court, held that wife was not entitled to share in increases in husband's pension due to a change in the pension benefit formula after twenty-five years of service because "years of service" was excluded from marital property by this court in *Berrington v. Berrington*, 534 Pa. 393, 633 A.2d 589 (1993).

Both parties appealed this order. Superior Court vacated the trial court's order, holding that wife was entitled to share in husband's pension as calculated at the applicable rate of 50% or 75% depending on his years of service.

We granted allocatur to address the question of whether Superior Court's order improperly awarded non-marital property to the wife.

The wife has proposed a formula based on two alternate scenarios; first, if husband retires after twenty years of service, but before twenty-five years, and second, if husband retires after twenty-five years of service. As stated earlier, the state police pension plan provides that if husband retires after twenty years, his pension is 50% of his highest salary, but if he retires after twenty-five years or more of service, his pension is 75% of his highest salary. Wife's formula is as follows:

IF HUSBAND WORKS TWENTY YEARS:

separated. It is of no significance when the benefits in question became available: the relevant inquiry is whether these benefits arose because of husband's efforts or whether they arose without regard to his efforts.

$37,380husband's date of separation salary
× 50%guaranteed benefit after 20 years

18,690
× 16/20coverture fraction

14,952marital portion
/12 mos

1,246monthly benefit
−140.87less social security set-off [2]

1,105.13
× 50%wife's equitable share

552.56wife's monthly benefit

### IF HUSBAND WORKS TWENTY–FIVE YEARS:

| | |
|---|---|
| $37,380 | separation date salary |
| × 75% | guaranteed benefit after 25 years |
| 28,035 | |
| × 16/25 | coverture fraction |
| 17,942 | marital portion |
| /12 mos | |
| 1,495.20 | monthly benefit |
| −140.87 | less social security set-off |
| 1,354.33 | |
| × 50% | wife's equitable share |
| 677.16 | wife's monthly benefit |

In *Berrington v. Berrington,* 534 Pa. 393, 633 A.2d 589 (1993) this court held:

[I]n a deferred distribution of a defined benefit pension, the spouse not participating *may not be awarded any portion of the participant-spouse' retirement benefits which are based on post-separation salary increases, incentive awards or years of service.* Any retirement benefits awarded to the non-participant spouse must be based only on the participant-spouse's salary at the date of separation. However, should there be increases in retirement benefits payable to

2. The parties stipulated that prior to the allocation of any pension benefit "there shall be deducted therefrom the sum of $140.87 representing the social security payment to which the plaintiff [husband] would have been entitled had he been entitled to receive social security...." *See Schneeman v. Schneeman,* 420 Pa.Super. 65, 615 A.2d 1369 (1992) (state trooper contributed to the State Employees Retirement System instead of social security, and that part of the pension which is in lieu of social security is exempt from marital property).

the employee spouse between the date of marital separation and the date the non-participant spouse begins receiving benefits which are not *attributable to the efforts or contributions of the participant-spouse,* any such increased benefits may be shared by the non-participant spouse based upon his or her proportionate share of the marital estate.

534 Pa. at 402–03, 633 A.2d at 594 (emphasis added). The problem which arises on the facts of this case is that on the one hand, the pension available to the husband after twenty-five years of service appears to be based upon "years of service," in which case *Berrington* excludes the wife from participating from the increased benefit, but on the other hand, the amount of the twenty-five year pension appears also to be unrelated "to the efforts or contributions of the participant-spouse," in which case *Berrington* allows for the wife's participation in the increased benefit.

Both characterizations of the twenty-five year benefit appear to be valid. Our function, then, is to decide which, for the purposes of effecting economic justice between the parties, is most valid. For the reasons that follow, we agree with the wife's position that she is entitled to share in the increased twenty-five year benefits as is set out in her formula.

First, if husband remains employed twenty-five years, the salary increases he has received between separation and retirement will not be reached by wife, for her retirement share is calculated on his salary at separation. Second, whether husband remains employed twenty years or twenty-five years, the effort expended by him in remaining employed is protected from encroachment by the wife by the coverture fraction: as the number of years worked increases the coverture fraction increases from 16/20 to 16/25, thus making the marital share available to the wife smaller as time increases and protecting his increased effort from encroachment. And once this increased effort is protected, that is all that is required by *Berrington.* The fact that husband's pension is calculated at twenty years at 50% of his salary and at twenty-five years at 75% of his salary is unrelated to his post-separation "efforts or contributions," and thus, may be shared by the wife.

The order of Superior Court is affirmed.

CAPPY and NEWMAN, JJ., join this opinion in support of affirmance.

ZAPPALA, J., files an opinion in support of reversal in which CASTILLE and NIGRO, JJ., join.

## OPINION IN SUPPORT OF REVERSAL

ZAPPALA, Justice.

The order of the Superior Court should be reversed because it is contrary to our decision in *Berrington v. Berrington,* 534 Pa. 393, 633 A.2d 589 (1993). In this case, the Superior Court determined that the wife was entitled to a share of increases in the husband's pension that were not earned as of the date of their separation and would not be payable unless the husband performed services for his employer for a requisite number of years after their separation. The husband had to earn the increase in pension benefits through his own labor after the separation. This is precisely the type of increase in pension benefits that we held would not be considered marital property in *Berrington.*

*Berrington* addressed the issue of whether a non-employee spouse's share of a deferred distribution of a pension should be based upon the salary that the employee-spouse earned at the date of separation or upon the amount earned as of the post-separation date of retirement. The husband participated in a defined benefit pension fund throughout the marriage and after the parties had separated. The wife was awarded 60% of the marital property, including the pension, pursuant to a settlement agreement. Distribution of the pension was deferred until the husband's retirement or death.

A dispute arose as to whether the wife's portion of the pension benefit should be based on the husband's annual salary on the date of separation or the pension's value at the date of distribution. The trial court entered an order calculating the amount of the pension benefit as of the deferred date of distribution. The Superior Court reversed, reasoning that using the husband's retirement benefits at the date of retire-

ment as the base on which to calculate the wife's share would improperly use the husband's non-marital contributions made after separation to determine marital property.

We affirmed the order of the Superior Court. We held that in a deferred distribution of a defined benefit pension, the nonparticipating spouse may not be awarded any portion of the participating spouse's retirement benefits that are based on post-separation salary increases, incentive awards, or years of service. 534 Pa. at 402–403, 633 A.2d at 594. Retirement benefits awarded to the nonparticipating spouse must be based only on the participating spouse's salary at the date of the separation. Only increased benefits that are not attributable to the participating spouse's efforts or contributions may be shared by the nonparticipating spouse. *Id.*

In this case, the increase in retirement benefits was attributable to the additional years of service performed by the husband after the parties had separated. On the date of separation, the husband had only 16.3 years of service as a Pennsylvania state police officer. He did not have sufficient years of service to guarantee him the right to retire at 50% of his highest salary. To secure that additional pension benefit, the husband was required to labor for an additional 3.7 years after the parties separated. The husband would have to work a total of 8.7 years after the separation date to be eligible to retire at 75% of his highest salary.

*Berrington* specifically held the nonparticipating spouse may not be awarded pension benefits based on post-separation years of service. The conclusion of the Opinion in Support of Affirmance in this case, that the increased pension benefit attainable after 20 and 25 years of service as a state police officer is unrelated to the efforts of the husband, is unsupported by the record. The husband was not guaranteed the increased benefit simply based on the passage of time. His right to the increased benefit was dependent upon his continued performance for years of service after the separation. We are not dealing here with an increase in pension benefits that results without any effort by the husband as the majority

suggests. Therefore, the order of the Superior Court should be reversed.

CASTILLE and NIGRO, JJ., join this Opinion in Support of Reversal.