**Stephen B. KELLER, Appellee,**

v.

**Andrea A. KELLER, Appellant.**

Superior Court of Pennsylvania.

Argued April 12, 2000.

Filed Sept. 12, 2000.

---

Toni M. Cherry, Dubois, for appellant.

BEFORE: JOHNSON, HUDOCK and BROSKY, JJ.

HUDOCK, J.:

¶ 1 Andrea A. Keller (Wife) appeals from the order of the trial court that dismissed her exceptions pertaining to the equitable distribution of certain pension benefits accruing to Stephen B. Keller (Husband) during the parties' marriage and affirmed the recommendations of the Master in his report in this regard. For the reasons that follow, we reverse and remand for proceedings consistent with this opinion.

¶ 2 Husband and Wife were married on June 4, 1966. They separated in July of 1993 and a complaint in divorce was filed by Husband on July 12, 1993. The complaint requested that the court grant a divorce on grounds of irretrievable breakdown and set forth a count for equitable distribution of the marital property. Wife filed an answer, new matter and counterclaim to the complaint raising claims for divorce on grounds of adultery and indignities and requesting, in addition to equitable distribution, permanent alimony, alimony pendente lite, counsel fees and costs. The trial court issued an order granting Husband's request for bifurcation on December 8, 1995, and by decree dated January 19, 1996, the parties were divorced, with the court retaining jurisdiction over all ancillary economic claims.

¶ 3 A hearing before a Master was held on October 20 and 21, 1997, and the Master's Report was filed on March 2, 1999. A First Addendum to Master's Report was filed on March 12, 1999. The Master recommended that Wife receive sixty percent of all marital assets, fifty percent of Husband's pension and sixty percent of the marital debt. The Master also awarded to Wife alimony for a period of three years. Both Husband and Wife filed exceptions to the reports. Husband, in his exceptions, alleged that the Master erred in recommending alimony of three years be paid to Wife. Wife, among other issues, took exception to the Master's valuation of the Husband's pension plan, the method of distributing the pension and the percentage distribution of the pension that she received.

¶ 4 On April 26, 1999, the court held a hearing on the parties' exceptions. During argument on the issue of the distribution scheme of Husband's pension, Wife's counsel requested that she "be allowed to brief the exceptions so that [she] might provide to the Court full information on what [Husband's] pension and his calculations obviously are [sic]." N.T., 4/26/99, at 7. The Court, after noting that he was troubled by the Master's calculation of the pension, stated, "I'm going to take you up on your offer to brief that." *Id.* at 15. The court then, on the record, entered an order directing counsel for Wife to file a brief, "within no more than 20 days from this date, ... concerning the issues argued

regarding [Husband's] pension with the Pennsylvania State Police. Counsel for [Husband] will have no more than 20 days following the receipt of [Wife's] brief to respond in kind." *Id.* at 17. After Wife's counsel failed to file a brief as ordered by the court, the court entered an order on June 7, 1999, dismissing Wife's exceptions related to the pension. In its order the court, prior to its dismissal of exceptions, stated, "[t]he Court noting its Order of April 26, 1999 requiring counsel for [Wife] to provide the Court with Brief [sic] on [Wife's] Exceptions within no more than twenty (20) days from April 26, 1999 and that counsel for [Wife] has failed to supply the Court with the required Brief it is therefore the ORDER of this Court as follows:...." The court dismissed all of Wife's exceptions other than those pertaining to alimony. The court found the Master's recommendation regarding alimony inadequate [1] and increased Wife's award of alimony to $750.00 per month for five years. It is from this order which Wife now appeals.

¶ 5 On appeal, Wife presents the following issues for our consideration:

I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN ACCEPTING THE MASTER'S VALUATION OF HUSBAND'S RETIREMENT BENEFITS WITH THE STATE EMPLOYES' RETIREMENT SYSTEM?

II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN ACCEPTING THE MASTER'S RECOMMENDATION OF DISTRIBUTING HUSBAND'S RETIREMENT BENEFITS BY THE IMMEDIATE OFFSET METHOD RATHER THAN USING A FORMULA TO DISTRIBUTE THEM BY THE DEFERRED DISTRIBUTION METHOD?

III. WHETHER THE COURT ABUSED ITS DISCRETION IN ADOPTING THE MASTER'S SCHEME OF DISTRIBUTION OF MARITAL PROPERTY WHEN THE SAME WAS BASED ON ERRORS OF LAW AND FACT?

Wife's Brief at 4.

¶ 6 Initially, we note that "[o]ur scope of review in equitable distribution matters is limited. Awards of alimony, counsel fees, and property distribution are within the sound discretion of the trial court and will not be disturbed absent an error of law or abuse of discretion." *Smith v. Smith*, 749 A.2d 921, 924 (Pa.Super.2000) citing *Berrington v. Berrington*, 409 Pa.Super. 355, 598 A.2d 31, 34 (1991).

¶ 7 Wife first argues that the trial court abused its discretion in adopting the lump sum figure of $38,015.04 that the Master assigned to Husband's retirement benefit when that figure was actually only the total of his own contributions and the amount he was entitled to withdraw, but did not represent the present value of his entire retirement benefit at the time of separation. Wife contends that the use of the total of Husband's contributions rather than the present value of the retirement benefit devalued the benefit by at least $249,500.00. Wife continues that "[b]ecause there was no evidence in the record of the actual present value of Husband's retirement benefit at the time of separation, it was error for the court to accept any assignment of such a value by the Master." Wife's Brief at 12. She posits instead that, "the retirement benefit should have been distributed to the parties based on a deferred distribution method calculated using the coverture fraction so that the actual marital portion of the benefit when it was actually distributed could be given to Wife." *Id.* Conversely, Husband asserts that the Master evaluated

---

1. The Master recommended that Wife receive alimony for a period of three years with Wife receiving in the first year $750.00, in the second year $500.00 and in the third year $350.00.

Husband's pension and based his decision on the facts as presented in the hearing before the Master. Husband contends that the only supported value set forth in the hearing was by himself via a State Employes' Retirement System Statement of Account, dated December 31, 1992. He states that the only supported value of the retirement benefit is $38,015.04, as all other figures in the statement are conditioned upon unknown factors. He alleges that "[t]hese unknown factors are the direct result of Wife failing to present expert testimony to contradict the value assigned by Husband." Husband's Brief at 3. He further contends that Wife failed to submit to the Master, following the hearing, her Exhibit "16", which was to be the value of Husband's pension as of December 31, 1993. Thus, Husband concludes that these omissions have resulted in Wife failing to establish a sufficient record before the Master and trial court to preserve the issue regarding valuation of Husband's pension. He further asserts that Wife's claims are waived due to her failure to file a brief in support of her exceptions when directed to do so by the trial court.

¶ 8 Although we do not condone Wife's apparent disregard for the trial court's direction to file a brief in support of her exceptions, because Husband does not cite to any applicable local rules or case law endorsing such waiver, we fail to find that Wife has waived her issues on appeal. *See Fielding v. Fielding*, 454 Pa.Super. 261, 685 A.2d 178, 179–80 (1996) (holding that appellate courts will not review undeveloped and unsupported arguments).

■ ¶ 9 In reviewing Wife's claims, the transcript of the hearings held before the Master indicates that neither party presented expert testimony as to the valuation of Husband's retirement benefit earned as a Pennsylvania State Trooper. At the time of the parties' separation in July 1993, Husband was employed as a Pennsylvania State Trooper and had been so employed since July 29, 1971. At the time of the hearing, Husband was fifty years of age. His 1992, 1994 and 1995 Statements of Account through the Pennsylvania State Employes' Retirement System were submitted into evidence at the hearings without discussion or testimony. Husband's 1993 Statement of Account was unavailable at the hearing and was to be submitted later to the Master by Wife as "Exhibit 16". At the conclusion of the hearing the Master requested post-hearing briefs from the parties within forty-five days. N.T., 10/21/97, 148. The Master's report indicates that neither party submitted a "Post–Master's Hearing Brief" as requested nor did Wife submit to the Master Husband's 1993 Statement of Account for his pension. *See* Master's Report, 3/2/99, at 4 and 21–22. The Master notes that, in his valuation of the pension, he utilized Husband's Exhibit 3, the Statement of Account for Husband's pension dated December 31, 1992. He further notes that this date is approximately six months prior to the date of the parties' final separation.

¶ 10 In arriving at the marital portion of Husband's pension, the Master added Husband's contributions to the account of $38,015.04 and one-half of the amount which is characterized as "Retirement" under the caption of "State Paid Benefits" on an attachment to Wife's Exhibit 4 (the parties 1993 Federal Income Tax Return) in the amount of $235.22. Thus, he determined that the total marital portion of the pension was $38,250.26. The Master, in his calculation, did not consider any contributions to the pension other than that of the participant spouse. As of December 31, 1992, the present value of the retirement benefit, including the employer's contributions as reflected by the Statement of Account, totaled $287,494.25. This figure was based upon Husband's then 21.4194 years of service and salary of $44,841.97. The entire $287,494.25 retirement benefit accrued during the marriage and, as such, should have been considered marital property. *See Zollars v. Zollars*, 397 Pa.Super. 204, 579 A.2d 1328, 1331 (1990) (stating that "[g]rowth of the marital contribution

is marital property"). Although we are cognizant that this figure does not represent the entire marital portion of Husband's pension, as the parties did not separate until approximately six months after the December 31, 1992, calculations, because the Master used an incorrect figure in calculating the marital portion of Husband's retirement benefit, and the trial court adopted the Master's recommendation in this regard, we find it necessary to reverse the order of equitable distribution. We further find that the trial court's error in valuing Husband's pension requires that the order of equitable distribution "be vacated in its entirety due to the fact that [this determination] will ultimately alter the economic positions of the parties and thus, upset the ... original scheme of distribution." [2] *Butler v. Butler*, 541 Pa. 364, 367 n. 1, 663 A.2d 148, 150 n. 1 (1995).

■ ¶ 11 Wife also challenges the method of distribution of the marital portion of Husband's pension. Specifically, she asserts that the Master and the trial court erred in applying the immediate offset method of distribution instead of using a deferred distribution.

¶ 12 This Court has recently explained:

in formulating equitable distribution schemes, Pennsylvania courts apply either the immediate offset method, which divides the benefits at the time of the equitable distribution proceeding by assigning a present value to the marital portion of the pension, or the deferred distribution method, which requires the court to reserve jurisdiction over the benefits until they mature or enter pay status.

*Brown v. Brown*, [447 Pa.Super. 424, 669 A.2d 969, 972 (1995) ], aff'd. by an equally divided court, 547 Pa. 360, 690 A.2d 700 (1997).

In this, as in all other aspects of equitable distribution awards, the trial court's decision will be reversed only for abuse of its discretion. *Id.* In *Zollars*, [*supra*], this Court found that because there were insufficient marital assets to satisfy the wife's equitable share of the husband's pension, distribution of the $106,013 she was owed should be deferred. In *Endy v. Endy*, [412 Pa.Super. 398, 603 A.2d 641, 644 (1992) ], we observed that "though (sic) [the immediate offset method] is the preferred alternative because it avoids continuing contact between the parties, this method is impractical where the parties do not possess sufficient assets to offset the pension award."

*Hicks v. Kubit*, 758 A.2d 202, 206 (Pa.Super.2000). In the present case, after determining the proper value of Husband's

**2.** The marital portion of Husband's pension appears to be in excess of three times the value of the remaining marital assets. The Master, in his report, lists the following as marital assets.

| | | |
|---|---|---|
| 1. Marital residence | $ | 42,000.00 |
| 2. Furniture and appliances | $ | 4,000.00 |
| 3. 1989 Ford Conversion Van | $ | negative value assigned |
| 4. 1992 Pontiac | $ | 5,000.00 |
| 5. 1984 Cadillac | $ | 3,000.00 |
| 6. 1982 Honda Motorcycle | $ | 1,000.00 |
| 7. 1986 Nissan Truck | $ | 5,000.00 |
| 8. Appreciation in value of Husband's pre-marital guns | $ | 1,000.00 |
| 9. Guns purchased during marriage | $ | 376.00 |
| 10. Beer tap system | $ | 500.00 |
| 11. Savings bond and two accounts liquidated by Wife subsequent to separation of the parties | $ | 5,300.00 |
| 12. Cash value of three life insurance policies converted by Husband | $ | 8,549.23 |
| 13. Wife's Chubb life insurance policy | $ | 3,645.00 |
| 14. Curio containing Husband's pig collection | $ | 0.00 |
| TOTAL | $ | 79,870.23 |

Additionally, the parties owned a family fast food business known as "Keller's Korner". Although this asset was not assigned a value, the parties were directed to sell the business and the assets were to be divided 60% to Wife and 40% to Husband. The parties' marital debt totaled $18,400.00 of which Wife was assigned 60% and Husband was assigned 40%.

pension, it appears that there are little, if any, cash assets in the marriage sufficient to offset Wife's interest in Husband's pension. Accordingly, on remand, it would be appropriate for the court to defer Wife's share of Husband's pension with the State Employes' Retirement System. Moreover, deferred distribution eliminates the need to establish a present value of the marital portion of the retirement benefit, "[s]ince [it] does not contemplate a present distribution of assets[.]" *Lowry v. Lowry*, 375 Pa.Super. 382, 544 A.2d 972, 982 (1988).

¶ 13 Wife, in her third issue, contests the percentage distribution assigned to Husband's retirement benefit. However, due to our disposition of Wife's first issue on appeal, we need not reach the merits of this claim.

¶ 14 Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.