STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-02-66

STATE OF MAINE

v.

SCOTT A. PENNEY,

Defendant

ORDER ON MOTION

DONALD L. GARBRECHT
LAW LIBRARY

SEP 19 2002

This matter comes before the court on the defendant's motion to suppress evidence, specifically statements made by the defendant to detectives of the Winthrop Police Department and Maine State Police during an interrogation on January 19, 2002. The defendant argues his motion on two grounds: (1) that his statements were involuntary, and (2) that the officers failed to advise him of his *Miranda* warning prior to the statements. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Since the State concedes that no *Miranda* warnings were given during the questioning on January 19, the question becomes whether the defendant was in "custody" at the time of the questioning. The court finds that the State has met its burden on both issues and will deny the motion.

### Facts

On January 19, 2002, Det. John Hall of the Winthrop Police Department, accompanied by Det. William Harwood of the Maine State Police, went to the Scandinavian Motel in Manchester, Maine. The defendant was residing at the motel and the purpose of the visit was to ask him questions about three open cases.

1

The two detectives arrived at the motel in unmarked vehicles and were casually dressed. No firearms were displayed. When the defendant opened the door to his room, Det. Hall informed him that they were there to ask him some questions about one Jacob Mann, rather than anything having to do with Christy Gerry. The defendant motioned the detectives into his rather small room and the questioning commenced. Det. Hall recorded the majority of the questioning, but it is unclear whether the defendant was aware of this fact since the micro-cassette was in the detective's pocket.

During the questioning, the door to the defendant's room was closed, but he was never informed that he was under arrest or that he was going to be arrested even though Det. Hall had that intention. The interview lasted approximately an hour and 20 minutes. Toward the end of the interview, one of the detectives asked the defendant how he felt about the interview and whether he had been fairly treated. The defendant's answer was "I guess so." At the end of the interview, the defendant was informed that he was under arrest for violation of a bail condition.

## Discussion

With regard to the defendant's issue of voluntariness, the court is satisfied the State has met its burden of proving beyond a reasonable doubt that the statements made were voluntary. A review of a transcript of the majority of the interview (until the tape ran out) shows no indication of police coercion or anything other than the defendant's own free choice. Questioning by two detectives might have been uncomfortable, but considering the totality of the circumstances

there was no internal or external coercion or compulsion which would make the defendant's subsequent statements involuntary.

With regard to the issue of whether the defendant was in custody for purposes of determining whether recitation of the *Miranda* warning was required, the court looks for guidance to the factors set forth in *State v. Michaud*, 724 A.2d 1222, 1227 (Me. 1998). The issue, as stated in *Michaud,* is whether the defendant was either under formal arrest or had his freedom of movement restrained to a degree associated with formal arrest. There was no formal arrest prior to the statements in question. Therefore, "a court must ascertain 'whether a reasonable person in the defendant's position would have believed he was in police custody and constrained to a degree associated with formal arrest.'" *Id.* at 1226. Here the statements were made by the defendant in his own motel room. Contact was initiated by the State. The detectives believe that they had probable cause to arrest the defendant, but this was not communicated to him. Whether entirely candid or not, the detectives expressed their intent only to help the defendant clarify his position. By the same token, the detectives' response to the defendant's statements was generally supportive. Based on the transcript of the questioning, a reasonable person in the defendant's position might begin to feel that he was the focus of an investigation toward the end of the questioning, but not at the beginning. Questioning occurred in the defendant's own motel room. The two law enforcement officers placed no physical restraint upon the defendant. The questioning was not adversarial. Considering all of the factors set forth above and taking them as a whole, the court is

3

satisfied beyond a reasonable doubt that the defendant was not in custody at the time the statements were made, therefore, no *Miranda* warning was necessary.[1]

The entry will be:

Motion DENIED.

Dated: September  17 , 2002

S. Kirk Studstrup
Justice, Superior Court

---

[1] Many of the circumstances of the questioning appear to be similar to the circumstances involved in *State v. Holloway*, 2000 ME 172, 760 A.2d 23. However a comparison of the transcripts of the two interrogations would quickly reveal the differences. Holloway's questioning was considerably more adversarial almost from the start.

STATE OF MAINE
  vs
SCOTT A PENNEY
15 HANSON ST
WINTHROP ME 04364

DOB: 09/14/1965
Attorney: THOMAS GOODWIN
        STRIKE GOODWIN & O'BRIEN
        400 ALLEN AVENUE
        PORTLAND ME 04103
        APPOINTED 03/19/2002

Filing Document: INDICTMENT
Filing Date: 03/15/2002

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2002-00066

**DOCKET RECORD**

State's Attorney: DAVID CROOK

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   **GROSS SEXUAL ASSAULT**               11/11/1996 WINTHROP
   17-A   253(1)(B)      Class A

2   **UNLAWFUL SEXUAL CONTACT**      11/11/1996 WINTHROP
   17-A   255(1)(C)      Class C

3   **GROSS SEXUAL ASSAULT**               11/11/1997 WINTHROP
   17-A   253(1)(B)      Class A

4   **UNLAWFUL SEXUAL CONTACT**      11/11/1997 WINTHROP
   17-A   255(1)(C)      Class C

5   **GROSS SEXUAL ASSAULT**               11/11/1998 WINTHROP
   17-A   253(1)(B)      Class A

6   **UNLAWFUL SEXUAL CONTACT**      11/11/1998 WINTHROP
   17-A   255(1)(C)      Class C

7   **GROSS SEXUAL ASSAULT**               11/11/1998 WINTHROP
   17-A   253(1)(B)      Class A

8   **UNLAWFUL SEXUAL CONTACT**      11/11/1999 WINTHROP
   17-A   255(1)(C)      Class C

9   **GROSS SEXUAL ASSAULT**               11/11/2000 WINTHROP
   17-A   253(2)(H)      Class B

10  **UNLAWFUL SEXUAL CONTACT**      11/11/2000 WINTHROP
   17-A   255(1)(C)      Class C

Printed on: 09/17/2002

Docket Events:

03/15/2002 FILING DOCUMENT - INDICTMENT FILED ON 03/15/2002

           TRANSFER - BAIL AND PLEADING GRANTED ON 03/15/2002

           TRANSFER - BAIL AND PLEADING REQUESTED ON 03/15/2002

03/15/2002 WARRANT - ON COMP/INDICTMENT REQUESTED ON 03/15/2002
           DONALD H MARDEN , JUSTICE
           DA:  ALAN KELLEY
03/15/2002 WARRANT - ON COMP/INDICTMENT ISSUED ON 03/15/2002
           DONALD H MARDEN , JUSTICE
           DA:  ALAN KELLEY
           CERTIFIED COPY TO WARRANT REPOSITORY                          $50,000 SURETY
           OR $10,000 CASH
03/15/2002 BAIL BOND - CASH BAIL BOND SET BY COURT ON 03/15/2002
           DONALD H MARDEN , JUSTICE
03/15/2002 BAIL BOND - SURETY BAIL BOND SET BY COURT ON 03/15/2002
           DONALD H MARDEN , JUSTICE
03/18/2002 Charge(s):  1,2,3,4,5,6,7,8,9,10
           HEARING - ARRAIGNMENT SCHEDULED FOR 03/22/2002

03/22/2002 Charge(s):  1,2,3,4,5,6,7,8,9,10
           HEARING - ARRAIGNMENT HELD ON 03/22/2002
           DONALD H MARDEN , JUSTICE
           Attorney:  THOMAS GOODWIN
           DA:  ALAN KELLEY           Reporter: TIMOTHY THOMPSON
           Defendant Present in Court

           READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
           DEFENDANT.  21 DAYS TO FILE MOTIONS
03/22/2002 Charge(s):  1,2,3,4,5,6,7,8,9,10
           PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 03/22/2002
           DONALD H MARDEN , JUSTICE
           Attorney:  THOMAS GOODWIN
           DA:  ALAN KELLEY           Reporter: TIMOTHY THOMPSON
           Defendant Present in Court

           BAIL $50,000 SURETY OR $10,000 CASH
03/22/2002 WARRANT - ON COMP/INDICTMENT EXECUTED ON 03/15/2002

           ARRESTED BY CPL EVANS/KSO
03/22/2002 WARRANT - ON COMP/INDICTMENT RETURNED ON 03/18/2002

03/26/2002 Charge(s):  1,2,3,4,5,6,7,8,9,10
           MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 03/25/2002

           Attorney:  THOMAS GOODWIN
04/23/2002 MOTION - MOTION FOR FUNDS FILED BY DEFENDANT ON 04/18/2002

Printed on: 09/17/2002

Attorney: THOMAS GOODWIN
ON BEHALF OF DEFENDANT EX PARTE MOTION FOR EXPENSES FOR THE PURPOSE OF HIRING A PRIVATE
INVESTIGATOR FOR A SUM NOT TO EXCEED $1,000.00.

4/23/2002 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 04/18/2002

Attorney: THOMAS GOODWIN
FOR THE DEFENDANT - STATEMENTS MADE ON OR ABOUT 1/19/02 BY THE DEFENDANT TO STATE POLICE
AND WINTHROP POLICE DEPT.

4/26/2002 MOTION - MOTION FOR FUNDS GRANTED ON 04/23/2002
JOHN R ATWOOD , JUSTICE
COPY TO PARTIES/COUNSEL. ORDER FOR FUNDS GRANTED SUBJECT TO CONDITIONS AND LIMITATIONS IN
THE ORDER.ORDER LIMITS FUNDS TO $500. COPY MAILED TO ATTORNEY GOODWIN 4/26/02.

J

07/31/2002 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 08/13/2002
S KIRK STUDSTRUP , JUSTICE
NOTICE  TO PARTIES/COUNSEL MAILED 7/23/02.

08/13/2002 LETTER - REQUEST FOR PROTECTION FILED ON 08/13/2002

FILED BY STATE, OFFICER JOHN HALL OF THE WINTHROP POLICE DEPARTMENT WILL BE UNAVAILABLE ON
AUGUST 13TH AS HE WILL BE AT THE BOSTON CHILDREN HOSPITAL ON A FAMILY MATTER.

08/13/2002 LETTER - REQUEST FOR PROTECTION GRANTED ON 08/13/2002

08/19/2002 MOTION - MOTION FOR MENTAL EXAMINATION FILED BY DEFENDANT ON 08/19/2002

DEFENDANT REQUESTS A PSYCHOLOGICAL EXAMINATION TO DETERMINE ISSUES INVOLVING DEFENDANT'S
COMPETENCY, CRIMINAL RESPONSIBILITY, ABNORMAL CONDITION OF MIND OR ANY OTHER ISSUE
INVOLVING THE MENTAL OR EMOTIONAL CONDITION OF THE DEFENDNT AT THE TIME OF THE ALLEGED
CONDUCT.

08/22/2002 HEARING - MOTION TO SUPPRESS HELD ON 08/15/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: THOMAS GOODWIN
DA: PAUL RUCHA          Reporter: JANETTE COOK
Defendant Present in Court

STATE WITNESSES; JOHN HALL AND WILLIAM HARWOOD. STATE EXHIBITS TRANSCRIPT #1A AND
RECORDING #1, BOTH ACCEPTED W/O OBJECTION. DEFENSE WITNESS; SCOTT PENNEY.

08/22/2002 MOTION - MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 08/15/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: THOMAS GOODWIN
DA: PAUL RUCHA          Reporter: JANETTE COOK
Defendant Present in Court

08/30/2002 LETTER - REQUEST FOR PROTECTION FILED ON 08/30/2002

FILED BY STATE, DETECTIVE BILL HARWOOD OF THE MAINE STATE POLICE, IS UNAVAILABLE SEPTEMBER
12, 2002 THROUGH SEPTEMBER 22, 2002 AS HE IS SCHEDULD TO BE OUT OF STATE FOR WORK.

09/16/2002 MOTION - MOTION FOR MENTAL EXAMINATION GRANTED ON 09/12/2002
S KIRK STUDSTRUP , JUSTICE
COPY SENT TO STATE FORENSIC SERVICE

09/17/2002 MOTION - MOTION TO SUPPRESS EVIDENCE DENIED ON 09/17/2002
S KIRK STUDSTRUP , JUSTICE

Printed on: 09/17/2002

COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST:   _____
                        Clerk