J-A24044-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

L.M.A.W.                              :    IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
                                      :
          v.                          :
                                      :
                                      :
                                      :
N.R.C                                 :
                                      :
          Appellant                   :    No. 1648 WDA 2019

Appeal from the Order Entered October 4, 2019
in the Court of Common Pleas of Allegheny County
Family Court at No(s):  FD15-004374-009

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:              FILED JANUARY 12, 2021

N.R.C. ("Father") appeals from the trial court's Order dismissing his Exceptions to the Hearing Officer's Recommendation ("the Recommendation"), which modified Father's child support obligations and found him to be in contempt of the Support Order entered on October 12, 2017, and entering the Recommendation as a final Order.  We affirm.

Father and L.M.A.W. ("Mother") have one child, L.A.C., who was born in July 2014.  On September 16, 2015, Mother filed a Complaint for Support against Father, seeking child support for L.A.C.  On October 23, 2015, following a hearing, the Hearing Officer found that Father had no income source, and set his support obligation at $0.

In or about November 2016, Mother filed a Petition for Modification of Support.  On January 17, 2017, following a hearing, the Hearing Officer entered an Interim Order, effective November 23, 2016, setting Father's

support obligation at $451.38 per month, plus $15 per month towards arrears that totaled $1,021.48.[1]

On March 6, 2017, the Allegheny County Domestic Relations Section ("DRS") filed a Petition for Contempt against Father, alleging that Father had failed to make payments pursuant to the January 17, 2017, Interim Order, and that Father owed $1,924.24 in arrears as of March 6, 2017. On July 7, 2017, following a hearing, the trial court found Father to be in contempt of court; sentenced Father to a term of six months in jail; set a purge amount of $1,000.00; and ordered Father to appear at a compliance hearing on October 6, 2017. On July 25, 2017, Father satisfied his purge condition and was released from jail.

On August 22, 2017, Father filed a Petition for Modification of his support obligation. The trial court summarized the factual and procedural history that followed:

> On or about October 12, 2017, an Order of Court was entered whereby Father was ordered to pay $1,320.40 per month in child support, based on his net income of $6,211.28 [per month] and Mother's income of $4,569.18 [per month].
>
> [In or about February 2018, Father filed a Petition for Modification of his support obligation. On March 7, 2018, the trial court denied Father's Petition and scheduled a compliance hearing for June 26, 2018. At the June 26, 2018, hearing, the trial court found Father to be in contempt of court; sentenced Father to a term of six months in jail; and set a purge amount of

_____

[1] The record does not indicate the income amounts that the Hearing Officer assigned to the parties.

$2,000.00.  On June 29, 2018, Father satisfied his purge condition and was released from jail.

On September 26, 2018, following a compliance hearing, the trial court found Father to be in contempt of court, ordered Father to pay $500 that day and $500 by October 3, 2018, and scheduled a compliance hearing for November 30, 2018.  Father subsequently made both $500 payments.]

On November 29, 2018, Father filed a Petition for Modification of the Support Order.  On February 19, 2019, a modification hearing was held[,] as well as a contempt proceeding[,] which had been consolidated with the modification hearing.  The Hearing Officer dismissed Father's Petition and held him in contempt.  Father filed timely Exceptions and, following argument on Father's [E]xceptions, [the trial c]ourt remanded the matter for a trial de novo....

On June 27, 2019, the [trial de novo] was held on the consolidated matters of Father's Petition to Modify Support and a contempt hearing....[2]  On July 3, 2019, the Hearing Officer entered Recommendations, which recommended, among other things:  Father's support payment shall be reduced from $1,320.40 to $681.70; arrears are set at $17,727.32; Father owes a total of $681.70 per month; $621.70 for current support and $60.00 for arrears; and Father remains in civil contempt and may purge by paying support in full and on time hereafter[,] and by paying an additional $500 on arrears on or before the compliance review proceeding scheduled for October 3, 2019.  The Hearing Officer provided a detailed report to the parties and [the trial c]ourt, which included the Hearing Officer's Recommendations and Explanation.  A detailed calculation for how [F]ather's support obligation was determined was presented within the Hearing Officer's Recommendations and Explanation.

On or before July 25, 2019, Father filed Exceptions to the July 3, 2019, Recommendations of the Hearing Officer. ...  It

_____

2 At the hearing, Father testified that he worked as a boilermaker.  He stated that he worked approximately ten weeks out of the year, and made approximately $2,000 per week while he was working.  See N.T., 6/27/19, at 32, 40.

should be noted with emphasis that Father failed to file a brief on his Exceptions. On September 17, 2019, argument was held on Father's Exceptions. On October 4, 2019, [the trial c]ourt issued its decision[,] which granted in part and denied in part Father's Exceptions[,] ordering the following: Father be referred to the Employment Specialist; his remaining [E]xceptions dismissed; and the Hearing Officer's July 3, 2019, Recommendations shall be made a final order.

Trial Court Opinion, 2/10/20, at 1-4 (footnotes omitted; footnote added).

Father filed a timely Notice of Appeal.

Father now presents the following questions for our review:

I. Whether Father waived all issues on appeal by filing only one (1) Brief in Support of Exceptions, where [E]xceptions were twice taken in the same matter, with the same or similar issues, including the same factual background and the same or similar arguments[?]

II. Whether the [trial court] erred and/or exercised an abuse of discretion by entering an Order, where the Order of [c]ourt cannot be sustained on any valid ground, where there is insufficient evidence to sustain the Order, and/or where the Order is manifestly unreasonable[?]

III. Whether the [trial court] erred and/or exercised an abuse of discretion [by] holding Father in contempt[,] when his noncompliance was due to an inability to pay, rather than simple willful noncompliance[?]

Brief for Appellant at v.

In his first claim, Father addresses the trial court's conclusion that Father's claims on appeal are waived because he did not file a brief with the trial court in support of his July 25, 2019, Exceptions. See id. at 3-5; Trial Court Opinion, 2/10/20, at 5-6. According to Father, his July 25, 2019, Exceptions were identical to the Exceptions he filed on May 6, 2019, and he

had already filed a brief in support of the May 6, 2019, Exceptions. See Brief for Appellant at 3-5. Father claims that because the factual history, claims, and argument underlying both sets of Exceptions were identical, filing a second brief was unnecessary. Id.

Initially, our review of the record reveals that Father raised each of his claims on appeal in his Exceptions, and the trial court addressed each of Father's claims in its Opinion. See Hicks v. Kubit, 758 A.2d 202, 206 (Pa. Super. 2000) (concluding that the appellant had not waived her claims on appeal where she failed to file a brief with the trial court in support of her exceptions, because the appellant raised the claims in her exceptions and Pa.R.A.P. 1925(b) concise statement).[3] Further, Mother has not raised this issue on appeal. See Keller v. Keller, 760 A.2d 22, 25 (Pa. Super. 2000) (concluding that the appellant had not waived her claims on appeal where she failed to file a brief with the trial court in support of her exceptions, because the appellee did not properly raise this issue on appeal). Accordingly, we decline to find Father's claims waived on this ground.

In his second claim, Father argues that the trial court erred in adopting the Hearing Officer's calculation of Father's child support obligation. See Brief for Appellant at 6-10. Father claims that the Hearing Officer erred in finding that Father's monthly net income was $6,211.28, where the evidence

---

[3] The trial court did not order Father to file a Pa.R.A.P. 1925(b) concise statement.

submitted at the hearing showed that his actual gross earnings for 2018 were $22,039, and the Hearing Officer added $15,433 per year in potential unemployment compensation, totaling $37,472 annually. Id. Father states that "under no circumstance can $37,474[4] earned per year equate to $6,211.28 as the net monthly income of Father…." Id. at 9 (footnote added).

> Appellate review of support matters is governed by an abuse of discretion standard. When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion[,] the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record. The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.

J.P.D. v. W.E.D., 114 A.3d 887, 889 (Pa. Super. 2015) (citation and brackets omitted). Moreover, "[a] master's report and recommendation are to be given the fullest consideration, especially on the issue of the credibility of witnesses." Kraisinger v. Kraisinger, 928 A.2d 333, 344 (Pa. Super. 2007) (citation omitted).

The calculation of child support is governed by Pennsylvania Rules of Civil Procedure 1910.16-1 through 1910.16-7. Relevantly, Rule 1910.16-3 sets forth a schedule of the basic child support obligations based on the

---

[4] Father erred in his addition of the unemployment compensation to his actual earnings: $22,039 plus $15,433 is $37,472.

parents' combined income. Pa.R.C.P. 1910.16-3. Rule 1910.16-4 sets forth the calculation for determining each parent's child support obligation, based on the basic child support obligation calculated in Rule 1910.16-3, and each parent's percentage of their combined income. Pa.R.C.P. 1910.16-4.

Here, although the July 3, 2019, Order indicates that Father's monthly net income was $6,211.28, it is clear that this was a typographical error, and not the income that the Hearing Officer used to calculate Father's support obligation. We first observe that the Hearing Officer's notes, which are attached to the July 3, 2019, Order indicate that Father's monthly net income was $2,506.58. See Order, 7/3/19. This aligns with the calculation of Father's child support obligation as $621.70, which included Father's basic child support obligation and his share of child care expenses and unreimbursed medical expenses.[5,6] See Pa.R.C.P. 1910.16-3; Pa.R.C.P. 1910.16-4.

Further, had the trial court used $6,211.28 as Father's monthly income, and $4,569.18 as Mother's monthly income, as indicated on the July 3, 2019, Order, a calculation of Father's basic support obligation would have

---

[5] The $621.70 total support obligation does not include the $60 per month the Hearing Officer added for arrears.

[6] The Order and Hearing Summary do not indicate how much of the $621.70 constituted Father's basic support obligation, and how much was his share of child care expenses and unreimbursed medical expenses. See Pa.R.C.P. 1910.16-3; Pa.R.C.P. 1910.16-4.

set it in excess of $840. See Pa.R.C.P. 1910.16-4; Pa.R.C.P. 1910.16-3. With child care costs and unreimbursed medical expenses, Father's support obligation would have been even greater. Id.

Lastly, the Hearing Officer's October 12, 2017, Support Order indicates that Father's monthly income was $6,211.28 and Mother's monthly income was $4,569.18. Both of these numbers are identical to the numbers on the July 3, 2019, Order, despite the fact that both Father's and Mother's incomes changed from 2017 to 2019. See Order, 10/12/17; N.T., 6/27/19, at 79-80. This suggests that the Hearing Officer accidentally reused the incomes from the October 12, 2017, Order, when preparing the July 3, 2019, Order.

Nevertheless, Father's support obligation, as set by the July 3, 2019, Order, comports with a monthly net income of $2,506.58, and not the $6,211.28 that Father complains to be inaccurate. Accordingly, because the Hearing Officer's typographical error did not affect the determination of Father's support obligation, we conclude that the trial court did not err in adopting the Hearing Officer's calculation of Father's child support obligation.

In his third claim, Father argues that the trial court abused its discretion by finding him in contempt of the October 12, 2017, Order, which defined his child support obligation. Brief for Appellant at 11-12. Father claims that he did not willfully fail to comply with the Order, because he did not have the ability to pay the ordered support amount. Id.

> Our scope of review when considering an appeal from an
> order holding a party in contempt of court is narrow: We will

reverse only upon a showing of an abuse of discretion. The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason.

The purpose of a civil contempt order is to coerce the contemnor to comply with a court order. Punishment for contempt in support actions is governed by 23 Pa.C.S.[A.] § 4345. Section 4345 provides that

> (a) General rule.—A person who willfully fails to comply with any order under this chapter, except an order subject to section 4344 (relating to contempt for failure of obligor to appear), may, as prescribed by general rule, be adjudged in contempt. ...

23 Pa.C.S.[A.] § 4345.

To be found in civil contempt, a party must have violated a court order. Accordingly, the complaining party must show, by a preponderance of the evidence, that a party violated a court order. The alleged contemnor may then present evidence that he has the present inability to comply and make up the arrears.

Hyle v. Hyle, 868 A.2d 601, 604 (Pa. Super. 2005) (some citations omitted).

Here, Father baldly claims that he was financially unable to pay his child support, without referencing evidence in the record that supports his claim. See Pa.R.A.P. 2119(c) (providing that "the argument must set forth ... a reference to the place in the record where the matter referred to appears."); C.H.L. v. W.D.L., 214 A.3d 1272, 1277-78 (Pa. Super. 2019) (stating that "[w]e shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the issue to be waived."). Indeed, the sole piece of evidence from

the record that Father refers to is his claim that, at one point, he was "living out of his car off and on." Brief for Appellant at 12.

Nevertheless, the trial court summarized the evidence presented at trial, and found that Father had the ability to pay his child support. See Trial Court Opinion, 2/10/20, at 12. The trial court stated the following:

> Father testified that he willfully does not take work that would pay him $10 an hour because he believes his wage garnishment is too high. In other words, Father admits on the record that he willfully is not working or collecting unemployment compensation because he does not want to pay his child support obligation. … The evidence at the [h]earing established that Father makes $2,000 per week when working as a boilermaker. When Father experiences a lay off period, he can collect $424 per week in unemployment compensation plus any part time work income he finds.

Id. The trial court concluded that "Father has the present ability to comply with the [Support] Order[,] and was properly found in contempt for willfully failing to comply with his Support Order." Id. We discern no abuse of the trial court's discretion in concluding that Father willfully failed to comply with the Support Order, and we affirm on the basis of the trial court's Opinion with regard to this claim. See id.

Accordingly, we affirm the trial court's Order dismissing Father's Exceptions to the Hearing Officer's Recommendation and entering the Recommendation as a final Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/12/2021</u>