# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 01-2932/01-3709

_____

| | | |
|---|---|---|
| Beverly Jean Hogan, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Raytheon, Co., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 17, 2002
Filed: September 12, 2002

_____

Before BOWMAN, MAGILL, and BYE, Circuit Judges.

_____

MAGILL, Circuit Judge.

In these consolidated appeals, Raytheon, Co. appeals from the district court's[1] orders granting Beverly Hogan's motion for summary judgment, thereby entitling Ms. Hogan to receive her former spouse's ERISA plan benefits, and awarding attorney fees to Ms. Hogan. We affirm the district court's decision ordering Raytheon to pay Ms. Hogan surviving spouse benefits, but we reverse and remand the district court's decision ordering Raytheon to pay Ms. Hogan attorney fees.

_____

[1]The Honorable John A. Jarvey, United States Magistrate Judge for the Northern District of Iowa.

## I.

Prior to his death, Robert Hogan was employed by Raytheon and participated in its ERISA-governed pension plan (the "Plan"). Ms. Hogan was married to Mr. Hogan from February 1, 1968, to June 5, 1997. Ms. Hogan's marriage to Mr. Hogan was dissolved by the Chancery Court of Lincoln County, Tennessee, by a divorce decree filed on June 5, 1997 (the "Decree"). The Decree awarded Ms. Hogan one-half of Mr. Hogan's "present retirement funds," to be set forth in a separate qualified domestic relations order ("QDRO"). In June and July of 1997, Raytheon received a copy of the Decree, acknowledged receipt of the Decree, and instructed Mr. Hogan about the requirements for a QDRO.

On March 7, 1998, Mr. Hogan died. At the time of his death, Mr. Hogan was 48, unmarried, and not receiving benefits under the Plan. Section 7.2 of the Plan allows for a surviving spouse benefit in the event the Plan participant dies before reaching his retirement date. Two days after Mr. Hogan's death, the Chancery Court of Lincoln County, Tennessee, entered an order naming Ms. Hogan as the alternate payee with respect to Mr. Hogan's benefits in the Plan (the "March 9, 1998 Order"). The Plan denied Ms. Hogan's request for benefits. Consequently, Ms. Hogan sued Raytheon.

Raytheon argued that Ms. Hogan was not entitled to receive surviving spouse benefits because a domestic relations order cannot be qualified posthumously. The district court disagreed and ordered the Plan to pay Ms. Hogan surviving spouse benefits pursuant to Sections 7.2 and 7.3 of the Plan. Subsequently, the district court awarded Ms. Hogan attorney fees in the amount of $6,626.28.

## II.

Raytheon appeals the district court's grant of summary judgment in Ms. Hogan's favor and its award of attorney fees to Ms. Hogan.

# A.

This court must decide whether the district court's grant of summary judgment, entitling Ms. Hogan to survivor's benefits under the Plan, was appropriate. We review a grant of summary judgment de novo. Reidl v. Gen. Am. Life Ins. Co., 248 F.3d 753, 756 (8th Cir. 2001). Raytheon makes two arguments on appeal contesting the district court's grant.

First, Raytheon contends that the district court's conclusion that the Decree entitled Ms. Hogan to Mr. Hogan's pre-retirement annuity was both erroneous and an improper de novo interpretation of Plan benefits. We disagree.

The Supreme Court set forth the appropriate standard of judicial review of benefit determinations by fiduciaries or plan administrators in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989). The Court held that a denial of benefits challenge under 29 U.S.C. § 1132(a)(1)(B) should be reviewed under a de novo standard unless the benefit plan grants the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Firestone, 489 U.S. at 115. When a plan grants such authority, the abuse of discretion standard applies. Id. Thus, Raytheon argues, under Firestone, deference should be given to the administrator's determination that Ms. Hogan was not entitled to receive benefits because Section 10.6 of the Plan grants the Plan administrator discretion to interpret the Plan's terms.

Raytheon's argument misses the mark, however, because the Plan administrator in this case did not interpret the Plan's terms, but rather interpreted the meaning of a separate document, i.e., the Decree. In effect, in denying Ms. Hogan's claim, Plan administrators were required to answer two questions: (1) whether the Decree constitutes a QDRO for Plan purposes, and (2) if the Decree was not a QDRO, whether a domestic relations order can be qualified posthumously under ERISA. These questions do not require an interpretation of the Plan's terms, and therefore de

novo review was appropriate. See, e.g., Samaroo v. Samaroo, 193 F.3d 185, 189 (3d Cir. 1999) (holding that the deferential standard of review of a plan interpretation is appropriate only when the trust instrument allows the trustee to interpret the instrument and when the trustee has in fact interpreted the instrument); Dial v. NFL Player Supplemental Disability Plan, 174 F.3d 606, 611 (5th Cir. 1999) (holding that the court should review de novo the administrator's decision that a property settlement agreement constituted a QDRO because it involves interpretation of a settlement agreement and statutory construction, not interpretation of the plan). Moreover, we agree with the district court that the Decree clearly gave Ms. Hogan an interest in Mr. Hogan's pension plan, which is made up of two components: a pension benefit and a surviving spouse benefit.

Second, Raytheon argues that the district court erred in finding that a domestic relations order can be qualified posthumously. We disagree. The district court correctly held that the March 9, 1998 Order meets the requirements of a QDRO because Raytheon was put on notice that the Decree had issued and may be a QDRO, and the March 9, 1998 Order was filed during the eighteen-month period permitted under ERISA to secure a QDRO. See 29 U.S.C. § 1056(d)(3)(H) (1994); Trs. of the Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise, 234 F.3d 415 (9th Cir. 2000). The fact that Mr. Hogan died prior to the entry of the March 9, 1998 Order is irrelevant. Thus, the district court's decision granting summary judgment in favor of Ms. Hogan and ordering Raytheon to pay Ms. Hogan surviving spouse benefits was proper. Accordingly, we affirm the district court's decision with regard to the grant of summary judgment for Ms. Hogan.

## B.

Additionally, this court must decide whether the district court's decision to grant attorney fees to Ms. Hogan was appropriate. Under ERISA, attorney fees may be awarded to either party at the discretion of the district court. 29 U.S.C. § 1132(g).

We review grants of attorney fees for abuse of discretion. <u>Richards v. Aramark Servs., Inc.</u>, 108 F.3d 925, 927 (8th Cir. 1997).

Subsequent to the district court's award of attorney fees, this court clarified the applicable law to ERISA's fee-shifting provision: there is no presumption in favor of a fee award for prevailing ERISA plaintiffs. <u>Martin v. Ark. Blue Cross & Blue Shield</u>, ___ F.3d ___ (8th Cir. 2002) (en banc). The district court applied a presumption in favor of the plaintiff resulting in the award of attorney fees in Ms. Hogan's favor. Accordingly, we reverse the district court's grant of attorney fees and remand the case for resolution in accordance with this court's decision in <u>Martin</u>.

## III.

For the foregoing reasons, we affirm the judgment as to the surviving spouse benefits, and we reverse the judgment as to the attorney fees and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-