# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2213

_____

North American Coal Corporation      *
Retirement Savings Plan, and its Plan    *
Administrator, the North American     *
Coal Corporation,                        *    Appeal from the United States
                                     *    District Court for the
           Appellees,             *    District of North Dakota.
                                       *
       v.                       *    [TO BE PUBLISHED]
                                       *
Todd Roth; Mitchell Schlaht,        *
                                       *
           Appellants.           *

_____

Submitted: January 5, 2005
Filed: January 25, 2005

_____

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Todd Roth and Mitchell Schlaht appeal the district court's adverse partial grant of summary judgment in a lawsuit brought by the North American Coal Corporation (NACCO)'s Retirement Savings Plan--an Employee Retirement Income Security Act (ERISA) plan--and NACCO, the Plan's administrator. The suit arose when NACCO mistakenly overpaid monies from a retirement savings account to Roth, who then endorsed the disbursement check over to Schlaht. Schlaht and Roth refused to return

the overpaid benefits, and NACCO brought suit. The district court designated its order as appealable under Federal Rule of Civil Procedure 54(b).

Contrary to appellants' assertions, the district court had subject matter jurisdiction over the action, and the complaint stated a claim. See 29 U.S.C. § 1132(a)(3) (fiduciary may bring civil action to enjoin act or practice which violates terms of ERISA or ERISA plan, or to obtain other equitable relief to redress such violations); In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003) (reviewing de novo challenges to subject matter jurisdiction). Specifically, the lawsuit involved a plan fiduciary seeking to enforce plan terms and ERISA provisions regarding the segregation of plan funds while a former spouse secures a qualified domestic relations order (QDRO). See 29 U.S.C. § 1056(d)(3)(G)-(H);[1] Hogan v. Raytheon Co., 302 F.3d 845, 857 (8th Cir. 2002) (recognizing 18-month period under ERISA to secure QDRO). We also disagree with appellants' suggestion that Schlaht was not a proper party to the lawsuit. See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 352-53 (5th Cir. 2003) (§ 1132(a)(3) does not limit universe of possible defendants, and § 1132(a)(3) liability does not depend on whether ERISA's provisions impose specific duty on party being sued), cert. denied, 124 S. Ct. 2412 (2004).

As to whether plaintiffs were entitled to summary judgment, see United States v. Taylor, 338 F.3d 947, 950 (8th Cir. 2003) (summary judgment standard of review), there were no material facts in dispute: the record showed that as of July 28, 2003, 65% of Roth's 401(k) monies belonged to his former wife, a fact confirmed by a QDRO received well within the eighteen-month period for the former wife to secure one; that Roth knew he was not entitled to the monies at issue and so informed

---

[1]The Plan referenced the Internal Revenue Code provision on QDROs, but it is nearly identical to the ERISA provision.

NACCO before filing his August 2003 distribution-request form; that the September 2003 overpayment arose from NACCO's administrative error; and that Roth endorsed the check NACCO issued over to Schlaht, who deposited the funds in a credit union.

It was thus proper for the district court to impose a constructive trust over the overpaid benefits, permanently enjoin appellants from disposing of or transferring any of the funds still in their possession and control, and require the return of such funds and a tracing of any portion of the funds no longer in appellants' possession or control. However, the district court's award of restitution of a sum certain, and its finding of personal liability as to Roth, constituted legal remedies not authorized by section 1132(a)(3). See Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 212-14 (2002) (clarifying scope of § 1132(a)(3), and explaining that not all relief under rubric of restitution is available in equity). Further, because there is no gap in ERISA's text regarding a fiduciary's right to bring a civil action for legal remedies to enforce plan terms or ERISA provisions, a federal common law remedy cannot be recognized. See id. at 220-21 (vague ideas of statute's underlying purpose are inadequate to overcome words of its text regarding specific issue being addressed); Coop. Benefit Adm'rs, Inc. v. Ogden, 367 F.3d 323, 332 (5th Cir. 2004) (in drafting § 1132(a)(3) to allow only "equitable relief," Congress specifically contemplated possibility of extending fiduciaries' right to sue participant for money damages, but chose instead to limit remedies to those typically available in equity); cf. Shipley v. Ark. Blue Cross & Blue Shield, 333 F.3d 898, 902 (8th Cir. 2003) (where there is no express ERISA provision governing issue, courts should fashion federal substantive law to fill gap).

Accordingly, we vacate those portions of the district court order finding Roth personally liable and ordering him to make restitution of a sum certain, and we otherwise affirm.

_____