# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1975

_____

Susan Reindl

*Plaintiff - Appellant*

v.

Hartford Life and Accident Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: January 16, 2013
Filed: February 5, 2013

_____

Before BYE, MELLOY, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Susan Reindl brought this action pursuant to 29 U.S.C. § 1132(a)(1)(B) claiming Hartford Life and Accident Insurance Company (Hartford) wrongfully terminated her long-term disability benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29

U.S.C. §§ 1001-1461. The district court[1] granted summary judgment in favor of Hartford after concluding Reindl failed to exhaust her administrative remedies because she did not file a timely administrative appeal. We affirm.

I

Reindl participated in an employee welfare benefit plan administered by Hartford during her employment with RKM Enterprises, LLC. Reindl stopped working in April 2005 due to physical impairments. She successfully applied for long-term disability benefits under Hartford's plan and began receiving benefits. Hartford later reassessed Reindl's physical condition, however, and decided she was not totally disabled and could perform sedentary work. As a result, Hartford terminated Reindl's disability benefits on November 25, 2008. The letter Hartford sent to Reindl informed her she had 180 days to file an administrative appeal,[2] and further informed her an appeal was to be addressed to Hartford's Claim Appeal Unit in Hartford, Connecticut.

Reindl sought the services of a lawyer to challenge the termination of her benefits. On December 12, 2008, Reindl's lawyer sent a letter to Hartford's Benefits Management Services in Bloomington, Minnesota, which stated the following:

> I have been retained to assist the above-named individual in her Long Term Disability (LTD) benefits.

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

[2]Hartford's plan purported to limit the time to appeal a termination of benefits to a 60-day period, but federal regulations provide claimants of group health plans with "at least 180 days following receipt of a notification of an adverse benefit determination within which to appeal the determination." 29 C.F.R. § 2560.503-1(h)(3)(i).

This letter is to request a copy of any and all medical records you may have in your file on my client. Also, copies of any other documents you might have regarding my client's medical condition would be helpful.

I have enclosed a HIPPA signed by my client to enable you to release copies of these records to me.

We will be reviewing the records and obtaining additional medical information for my client's appeal of the decision to terminate her Long Term Disability (LTD) benefits.

Thank you for your help in this matter.

App. at 66.

Hartford forwarded Reindl's medical records to the lawyer in February 2009. On July 8, 2009, more than 180 days after Reindl's benefits had been terminated, the lawyer sent a letter to Hartford's Claim Appeal Unit in Hartford, Connecticut. The letter stated it was enclosing "the additional written comments, documents and information relating to the appeal of my client, Susan Reindl's, denial of her Long Term Disability benefits beyond November 24, 2008." Id. at 57. The letter also expressed Reindl's disagreement with Hartford's termination decision, and concluded by stating, "I would appreciate your reversal of the decision to terminate [Reindl's] long term disability as soon as possible." Id. at 58.

Hartford construed the letter sent to Hartford's Claim Appeal Unit as Reindl's administrative appeal. On August 6, 2009, Hartford sent a letter to the lawyer stating the appeal had not been received within the "180 days from the date you received your claim denial." Id. at 59. Hartford further stated Reindl's administrative record had been closed and finalized on the date the time period to appeal had expired (May 28, 2009), and as a result Reindl "has no rights under this Policy to appeal the previous decision." Id.

-3-

Reindl subsequently filed this action in federal district court challenging Hartford's termination of her long-term disability benefits. Hartford filed a motion to dismiss based on Reindl's failure to file a timely administrative appeal. In response, Reindl contended she had timely perfected her administrative appeal via the letter sent to Hartford's Benefit Management Services in Bloomington, Minnesota, in December 2008, rather than the letter sent to Hartford's Claim Appeal Unit in July 2009. Hartford countered as to the December 2008 letter not having constituted an appeal but being merely a request for documentary information Reindl's lawyer sought to review before determining whether to file a future appeal. The district court converted Hartford's motion to dismiss into a motion for summary judgment after noting both parties had submitted documents outside the pleadings and determining "both parties have had a reasonable opportunity to present all the material that is pertinent to the motion[.]" Reindl v. Hartford Life & Accident Ins. Co., 861 F. Supp. 2d 997, 998 (E.D. Mo. 2012). The district court then granted the motion for summary judgment, concluding Reindl had not filed a timely administrative appeal because it was reasonable for Hartford to conclude the December 2008 letter was only a request for records and not the administrative appeal itself. Id. at 1002-03. Reindl filed a timely appeal of the district court's decision to this court.

II

"We review de novo the district court's summary judgment ruling and whether the district court applied the appropriate standard of review to the administrator's decision." Wakkinen v. UNUM Life Ins. Co. of Am., 531 F.3d 575, 580 (8th Cir. 2008) (internal citations omitted).[3]

_____

[3]We reject Reindl's claim the district court committed reversible error when it converted the motion to dismiss into a motion for summary judgment without giving the parties notice. A district court's failure to give formal notice that it is converting a motion to dismiss into a motion for summary judgment is harmless when the non-moving party has an adequate opportunity to respond and there is no showing that any

As the district court noted, a timely administrative appeal is a prerequisite to filing an action in federal court challenging the denial of benefits under a plan governed by ERISA. Angevine v. Anheuser-Busch Cos. Pension Plan, 646 F.3d 1034, 1037 (8th Cir. 2011).[4] Hartford ultimately denied benefits by concluding Reindl failed to file a timely administrative appeal. Because the plan granted Hartford discretion to determine eligibility for benefits, its decision that Reindl failed to file a timely administrative appeal is reviewed for an abuse of discretion. Tillery v. Hoffman Enclosures, Inc., 280 F.3d 1192, 1197 (8th Cir. 2002); see also Edwards v. Briggs & Stratton Ret. Plan, 639 F.3d 355, 361, 363-64 (7th Cir. 2011) (applying the deferential abuse-of-discretion standard of review to the issue whether a plan participant's letters could be construed as a timely administrative appeal in a case where the plan gave the administrator the discretion to determine eligibility for benefits). Stated another way, the issue is whether Hartford's determination that the December 2008 letter did not constitute an appeal is reasonable, even if "a different, reasonable interpretation could have been made." Ratliff v. Jefferson Pilot Fin. Ins. Co., 489 F.3d 343, 348 (8th Cir. 2007) (internal quotation marks omitted).

We conclude Hartford's determination regarding the December 2008 letter was reasonable. Hartford's termination letter instructed Reindl to file an appeal with Hartford's Claim Appeal Unit in Hartford, Connecticut. The December 2008 letter was sent instead to Hartford's Benefit Management Services in Bloomington, Minnesota. In addition, Hartford's termination letter stated any appeal of the termination "should clearly outline your position and any issues or comments you have in connection with your claim and our decision to deny your request for benefits

---

material facts were disputed or missing from the record, as was the case here. See Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012).

[4]There are two exceptions to this exhaustion requirement: (1) when there is no administrative remedy; or (2) when pursuing the administrative remedy would be futile. Angevine, 646 F.3d at 1037. Neither of the exceptions apply here.

under the Policy," app. at 56, something the December 2008 letter did not do. Instead, the December 2008 letter merely stated its purpose was "to request a copy of any and all medical records you may have in your file on my client." Id. at 66. The December 2008 letter's only reference to an appeal used the future tense when it stated "[w]e will be reviewing the records and obtaining additional medical information for my client's appeal[.]" Id.

Under these circumstances, Hartford reasonably could have construed the December 2008 letter to be merely a request for documents Reindl's lawyer sought to review before determining whether to file an appeal in the future. See Midgett v. Washington Grp. Int'l Long Term Disability Plan, 561 F.3d 887, 897 (8th Cir. 2009) ("The requirement that the plan administrator's decision be reasonable should be read to mean that a decision is reasonable if a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision.") (citation omitted).

III

We affirm the judgment of the district court.

_____