669 A.2d 969

**Robert Edgar BROWN, Appellant (at 840)**

**v.**

**Susan Jane BROWN, Appellant (at 722).**

Superior Court of Pennsylvania.

Argued Oct. 26, 1995.

Filed Dec. 22, 1995.

426

H. John Drayer, Clarion, for Susan Jane Brown.

David P. Brandt, Franklin, for Robert Edgar Brown.

Before TAMILIA, FORD ELLIOTT and CERCONE, JJ.

CERCONE, Judge:

This is an appeal and cross-appeal from an order of court directing equitable distribution of Robert E. Brown's pension.

We vacate and remand for proceedings consistent with this memorandum.

The facts of this case have previously been set forth by a panel of this court:

Appellant ("wife") [Susan Brown] and husband [appellee/cross-appellant] were married on June 14, 1969, and separated on July 6, 1989. Each is currently 47 years old. On January 25, 1973, husband began his employment with the Pennsylvania State Police ("PSP") as a trooper. As of the date of separation, husband was a member of the State Employees' Retirement System ("SERS") and had contributed $24,600.29 to his pension. Further, husband's 1989 salary was $37,383.00. [footnote 1: During the marriage, wife worked either full or part-time as a nurse. On the date of separation, wife was employed as a full-time nurse at Oil City Hospital earning $27,000.00 per year. Wife's pension plan from her employment with Oil City Hospital had a present value of $4,158.00.] From the time husband entered the PSP to the time of separation, husband had served [sixteen] 16 years as a trooper. At the time of separation, husband's pension was vested. Under the terms of a collective bargaining agreement between the Commonwealth and the PSP, a state trooper, unlike other members of the SERS, has a guaranteed right to retire at 50% of his or her highest salary after 20 years of service and 75% of his or her salary after 25 years of service. Moreover, a PSP trooper may retire at a younger age than other SERS members.

On August 10, 1989, husband filed a complaint in divorce. On August 28, 1990, wife filed an answer, and on October 2, 1990, she filed a motion for the appointment of a Master. Thereafter, the lower court entered an order appointing a Master to resolve claims of divorce and equitable distribution of property. On July 25, 1991, the Master held a hearing, and on January 4, 1993, the Master's Report was filed. The Master determined that a 50/50 distribution of the marital property was the most equitable. Exceptions to the Master's Report were filed with regard to the Master's

assessment of husband's pension plan subject to equitable distribution. On June 24, 1993, the lower court heard arguments on the aforementioned issue. On November 18, 1993, the parties filed a stipulation whereby both agreed that the deferred distribution method would apply to the court's equitable distribution analysis of husband's pension plan. Further, both requested that the lower court bifurcate the resolution of equitable distribution of marital property from the decree in divorce. The court below entered a divorce decree and order dated December 29, 1993, adopting the recommendations of the Master. On March 17, 1994, the lower court below entered an order denying wife's request that certain pension benefits of husband be included as marital property.

*Brown v. Brown*, 442 Pa.Super. 638, 659 A.2d 1 (1995) (slip opinion at 1–3) (citations to record omitted).

Wife appealed from that order. A panel of this court ruled that the lower court's failure to provide a formula for calculating wife's equitable share of husband's pension plan prevented it from ascertaining whether the order constituted an abuse of discretion. Accordingly, the Superior Court remanded with directions that the trial court state its formula for calculating wife's equitable distribution of husband's pension and enter a qualified domestic relations order.

After conducting a hearing, the lower court entered a second equitable distribution order. *See* Opinion and Order dated March 9, 1995. The trial court found that wife was entitled to share in husband's pension as calculated on July 6, 1989, the date of separation, at the stipulated rate of fifty (50%) percent. Wife appealed from that order, again arguing that the trial court improperly valued husband's pension for purposes of equitable distribution. Husband filed a cross-appeal.

A trial court has broad discretion in fashioning equitable distribution awards and we will overturn an award only for an abuse of that discretion. *Gordon v. Gordon*, 436 Pa.Super. 126, 133, 647 A.2d 530, 533 (1994), *appeal granted,*

540 Pa. 583, 655 A.2d 515 (1995). We may find an abuse of discretion if the trial court failed to follow proper legal procedures or misapplied the law. *Paulone v. Paulone*, 437 Pa.Super. 130, 133, 649 A.2d 691, 692 (1994). Further, we consider the circumstances of the case and the conclusions of the trial court in light of the Commonwealth policy of effectuating economic justice between the parties. *Schneeman v. Schneeman*, 420 Pa.Super. 65, 75, 615 A.2d 1369, 1374 (1992).

[4–6] Retirement pension benefits, vested and non-vested, are marital property subject to equitable distribution. *Gordon*, 436 Pa.Super. at 135, 647 A.2d at 534. As a general rule, only that portion of the pension attributable to the period commencing with the marriage and ending on the date of separation is marital property. *Id.* at 135–36, 647 A.2d at 534 (quoting *Braderman v. Braderman*, 339 Pa.Super. 185, 196, 488 A.2d 613, 618 (1985)). Nevertheless, when a plan has vested and its value increases aside from contributions of the parties made beyond the date of separation, the increase is marital property. *Holland v. Holland*, 403 Pa.Super. 116, 118, 588 A.2d 58, 59–60 (1991), *appeal denied*, 528 Pa. 611, 596 A.2d 158 (1991) (quoting *Morschhauser v. Morschhauser*, 357 Pa.Super. 339, 344–45, 516 A.2d 10, 12–13 (1986)).

 The contested retirement fund is a defined benefit plan. In a defined benefit plan,

> the benefit is determined by a particular formula usually based upon years of service and salary history. The benefit is funded by employer contributions, and actuarily determined on a participant class basis. Unlike defined contribution plans, which focus on contributions for each individual employee, defined benefit plans do not maintain individual accounts and are therefore more difficult to value.

*Gordon*, 436 Pa.Super. at 136, 647 A.2d at 534 (citations omitted). In formulating equitable distribution schemes, Pennsylvania courts apply either the immediate offset method, which divides the benefits at the time of the equitable distribution proceeding by assigning a present value to the marital portion of the pension, or the deferred distribution method,

which requires the court to reserve jurisdiction over the benefits until they mature or enter pay status. *Paulone*, 437 Pa.Super. at 138, 649 A.2d at 695 (citing *Braderman v. Braderman*, 339 Pa.Super. 185, 488 A.2d 613 (1985)). As stated, the parties agreed by stipulation to proceed by deferred distribution after concluding that husband lacked sufficient assets to purchase wife's share of the pension. *See Zollars v. Zollars*, 397 Pa.Super. 204, 579 A.2d 1328 (1990), *alloc. denied*, 527 Pa. 603, 589 A.2d 693 (1991) (use of deferred distribution not error when record did not show that ex-spouse could buy out non-employee spouse's share).

When utilizing the deferred distribution method, the court applies a "coverture fraction" to the benefits when they enter pay status. *Braderman*, 339 Pa.Super. at 198, 488 A.2d at 619.

> The "coverture" fraction represents that portion of the value of the benefits attributable to the marriage. The numerator of the fraction reflects the total period of time the employee spouse participated in the plan during the marriage, and the denominator is the total period the employee participated in the benefits program.

*Id.* at 197–98, 488 A.2d at 619. The "sole purpose [of the coverture fraction] is to determine what part of the value of the plan is attributable to the years of marriage and hence marital property subject to equitable distribution." *Paulone*, 437 Pa.Super. at 136, 649 A.2d at 694–95.

In this case, both the parties and the trial court rely on the Supreme Court's recent pronouncement in *Berrington v. Berrington*, 534 Pa. 393, 633 A.2d 589 (1993). In *Berrington*, the parties were married in 1955, separated in 1984 and divorced in 1987. Husband was employed by Westinghouse Electric Corporation throughout the marriage and participated in a defined benefit plan. Pursuant to that plan, monthly pension benefits were determined by multiplying the employee's years of service at retirement, as modified by a stated percentage, by the average of the highest five months' salaries for each year of the ten years immediately preceding retirement. *Id.* at 396, 633 A.2d at 590–91. The Court observed

that using the date of retirement as the base on which to calculate wife's marital share improperly deprived husband of contributions made after separation. Further, using the date of separation as the base unfairly penalized wife because, in a deferred distribution, her share is substantially delayed. Specifically, a deferred distribution of pension benefits requires the non-employee spouse to wait until some indefinite time in the future to receive the marital share. To compensate for this postponement of benefit, that spouse is permitted to enjoy increases in value occasioned by the continued employment of the worker. *Holland*, 403 Pa.Super. at 118, 588 A.2d at 60.

The *Berrington* Court approved husband's plan which provided wife with sixty (60%) percent (her share of the marital property) times the coverture fraction (the number of months husband participated in the plan during the marriage over the total number of months husband participated in the pension plan assuming he retired at age sixty-five (65)) times the monthly accrued benefit payable based on husband's annual salary at the date of separation, paid until he reached age sixty-five (65). The formula started with the assumption that there were no other increases in benefits payable under the plan from sources other than husband's non-marital contribution. *Id.* at 400–01, 633 A.2d at 593–94. Husband's formulation not only avoided awarding wife a share of non-marital property, but also allowed wife to receive a marital share that was increased in value proportionate to the increase in value enjoyed by husband based on factors which have nothing to do with his increased contributions or efforts. *Id.* at 402, 633 A.2d at 594. The Court held as follows:

> [I]n a deferred distribution of a defined benefit pension, the spouse not participating may not be awarded any portion of the participant-spouse's retirement benefits which are based on post-separation salary increases, incentive awards or years of service. Any retirement benefits awarded to the non-participant spouse must be based only on the participant-spouse's salary at the date of separation. However, should there be increases in retirement benefits payable to the employee spouse between the date of marital separation

and the date the non-participant spouse begins receiving benefits which are not attributable to the efforts or contributions of the participant-spouse, any such increased benefits may be shared by the non-participant spouse based upon his or her proportionate share of the marital estate. *Id.* at 402–03, 633 A.2d at 594.

 Appellant wife maintains that her formula is consistent with the Court's holding in *Berrington*. Wife uses husband's salary at the date of separation as a base and then applies a coverture fraction. The numerator of that fraction reflects the number of years husband was married and participated in the pension plan and the denominator is either twenty (20) or twenty-five (25) depending on husband's years of service at the date of his retirement. Wife sets forth her formula as follows:

| | |
|---|---|
| 37,380 | 1989 Salary [date of separation] |
| × 50% | Guaranteed Right After 20 Years Service |
| | |
| 18,690 | Benefit to determine Wife's share |
| × 16 | Years married in the pension |
| 20 | Total years in Pension |
| | |
| 14,952 | Marital Portion |
| : 12 | |
| | |
| 1,246 | Monthly Benefit |
| − 140.87 | Less Social Security Set-off [1] |
| | |
| 1,105.13 | |
| × 50% | Wife's Percentage |
| | |
| 552.56 | Wife's Monthly Benefit |

1. The parties stipulated that prior to the allocation of any pension benefit, "there shall be deducted therefrom the sum of $140.87 representing the Social Security payment to which the Plaintiff would have been entitled had he been entitled to receive Social Security...." Trial court order filed March 17, 1994. Appellant acknowledges that the trial court *improperly failed to apply that offset. See Schneeman v. Schneeman*, 420 Pa.Super. 65, 615 A.2d 1369 (1992) (husband, a state

434

OR if Husband works for Twenty-five (25) years:

| | |
|---|---|
| 37,380 | 1989 Salary [date of separation] |
| × 75% | Guaranteed Right After 25 Years Service |
| | |
| 28,035 | Benefit to determine Wife's share |
| × 16 | Years married in the pension |
| 25 | Total years in Pension |
| | |
| 17,942 | Marital Portion |
| : 12 | |
| | |
| 1,495.20 | Monthly Benefit |
| − 140.87 | Less Social Security Set-off |
| | |
| 1,354.33 | |
| × 50% | Wife's Percentage |
| | |
| 677.16 | Wife's Monthly Benefit |

Brief of Appellant at 16–17.

The trial court, also relying on *Berrington*, rejected wife's formula. According to the lower court, husband's increased pension benefit is a benefit based on post-separation years of service and, as such, constitutes non-marital property. We cannot agree that the increase in this case is the type contemplated by the Court in *Berrington*.

 *Berrington* dictates that the amount to be awarded the non-employee spouse in a deferred distribution of a pension should be based on the employee's salary at the date of separation, but augmented by growth in the pension fund based on factors *other than the employee's efforts or the employer's or employee's contributions to the fund after the date of separation. Id.,* 534 Pa. at 395, 403, 633 A.2d at 590, 594. *See Schneeman v. Schneeman,* 420 Pa.Super. at 79, 615 A.2d at 1376 (increases in the value of the amount contributed

trooper, contributed to the State Employees Retirement System rather than to Social Security; because that part of a pension which is in lieu of Social Security is exempt from marital property, the trial court was required to offset husband's pension by the amount he would have contributed to the Social Security system).

during the marriage resulting from interest or returns on investments are marital property; contributions by the employee or employer made after the date of separation are not marital property). This court has been forced to ascertain what types of increases may or may not qualify as marital property. For example, post-separation incentives and bonuses, although based on years of service, are not marital property. *Gordon v. Gordon, supra,* 436 Pa.Super. at 143–45, 647 A.2d at 538–39. *See also LaBuda v. LaBuda,* 349 Pa.Super. 524, 503 A.2d 971 (1986), *alloc. denied,* 514 Pa. 648, 524 A.2d 494 (1987) (participant spouse accepted a post-separation early retirement incentive; because the right to receive the bonus did not accrue prior to the parties' separation, the bonus could not be considered part of the marital estate). Unlike basic pension benefits, which are planned and contemplated throughout service, incentive plans are not anticipated and not occasioned by continued employment. *Gordon,* 436 Pa.Super. at 145, 647 A.2d at 539.

The pension enhancement in this case, as opposed to the retirement plan in *Gordon,* was part of the benefits package in place throughout the marriage. It was not an unanticipated incentive or a bonus offered post-separation. Rather, the enhancement amounted to deferred compensation. As such, we conclude that it is marital property subject to equitable distribution.

As in *Berrington,* we find that wife has proposed a method of calculating her marital share of the pension which allows her to benefit from increases accruing from the date of separation until the date of payout without utilizing contributions made by husband after the date of separation. Husband's pension benefit is augmented based on total years of service, *i.e.,* he is entitled to retire at fifty percent (50%) of his highest salary after 20 years of service and at seventy-five (75%) percent after 25 years of service. Application of the coverture fraction [2] ensures that wife will receive only that

---

**2.** The numerator of the coverture fraction in this case reflects the number of years husband participated in the plan during the marriage

portion of the increase attributable to the marriage. Further, because the coverture fraction is applied to husband's salary at date of separation, rather than to the "highest salary," wife is denied the benefit of post-separation salary increases. Based on the foregoing, we conclude that the trial court's order amounted to an abuse of discretion. As such, we vacate and remand for a re-calculation of the equitable distribution award consistent with this memorandum.[3]

Order vacated. Remanded for a re-calculation of the equitable distribution award consistent with this memorandum. Jurisdiction is relinquished.

(16.633) and the denominator reflects the total number of years husband participated in the plan (20 or 25).

3. We also note that the plan contemplates withdrawal of a lump sum not to exceed the participant's total accumulated deduction, which at the time of separation amounted to $24,600.29. In its order dated March 9, 1995, the trial court ruled that should husband make that election, wife would be entitled to fifty (50%) percent of the accumulated deductions. Wife stresses that in prior orders, the trial court included an award of accrued interest on those pre-separation contributions. In the order from which wife currently appeals, however, the trial court failed to include an award of interest. Accordingly, we further direct the trial court to remedy this error on remand.